UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FIRST NATIONAL BANK OF )
ATLANTA d/b/a WACHOVIA
BANK CARD SERVICES; and )
LTD FINANCIAL SERVICES, L.P.,
)
    Appellants,
)
vs.                             CV96-S-1506
)
DORIS JEANETTE BETTS,
)
    Appellee.

**ENTERED**
**MAY -6 1997**

## MEMORANDUM OPINION

    This is an appeal from the United States Bankruptcy Court for the Northern District of Alabama, Eastern Division. Appellants contest two actions by that court: entry of default judgment on March 1, 1996; and, denial of appellants' motion to set such judgment aside. Upon consideration of the record and briefs, this court is of the opinion that the bankruptcy court's decision denying appellants' motion to set the default judgment aside is due to be reversed.

### I. STATEMENT OF FACTS

    Doris Jeanette Betts filed a Chapter 7 petition in bankruptcy on June 12, 1995. The petition was assigned case number 95-41344-JSS-7.[1] She identified "Wachovia" (*i.e.*, appellant First National Bank of Atlanta d/b/a Wachovia Bank Card Services) on Schedule F of her petition as a creditor holding an unsecured claim in the amount of $1,599.51, by virtue of unpaid charges on a credit card issued by Wachovia to Mrs. Betts. She gave the following address for that

---

    [1] See Record on Appeal (hereinafter, "Record") Document No. 6, at 4 ("Debtor's Ex # 1").

creditor: "Wachovia, P.O. Box 15515, Wilmington, DE 19886."[2] Based upon the correspondence from Wachovia to Mrs. Betts' daughter discussed below, it is clear that Wachovia received notice of Mrs. Betts' bankruptcy petition mailed by the clerk to that address.

Mrs. Betts was granted a discharge pursuant to 11 U.S.C. § 727 on September 7, 1995.[3] Paragraph 2 of the order of discharge provided: "All creditors are prohibited from attempting to collect any debt that has been discharged in this case."

Nevertheless, during ensuing months both Wachovia and an independent collection agency retained by it — appellant LTD Financial Services, L.P. ("LTD") — persisted in attempts to collect the balance due under Mrs. Betts' credit card account. Their efforts focused on Mrs. Betts' daughter, Sandra Betts, who had been issued at her mother's request a Wachovia credit card bearing the same number as the card issued to her mother.[4] The record before this court does not disclose the amount of any charges attributable to purchases by Sandra Betts, as opposed to her mother. Even so,

---

[2] *Id.*, at 5 ("Debtor's Ex # 2").

[3] *Id.*, at 6 ("Debtor's Ex # 3").

[4] Account No. 5467-1002-1822-1235. During a hearing held in the U.S. Bankruptcy Court on February 27, 1996, Mrs. Betts explained (at transcript page 5) the manner in which her daughter obtained a Wachovia credit card:

> Q.  How did your daughter come in to being able to use this credit card?
>
> A.  On the application form it had a section where you could put do you want someone else to have a card or card holder. And I listed her name but she never signed.

2

Wachovia mailed the following letter to Sandra at her Samford University mailing address on July 6, 1995:[5]

> Sandra D. Betts
> S U Box 1645
> Birmingham, AL 35229
>
> Re: Account Number: 4327-218-221-235
> Balance: $1677.05
> <u>D Jeanette Betts</u>
> <u>Chapter 7 Bankruptcy</u>
> <u>Case Number: 95-41344JSS</u>
>
> Dear Sandra D Betts:
>
> As shown above, the above referenced account has been included in a Chapter 7 bankruptcy action.
>
> In order to fulfill your obligation as co debtor, Wachovia Bank Card Services has established a new account in your name for payments only.
>
> **PLEASE NOTE: To insure timely posting of your payments, your new account number, 4327-287-773-090 must be referenced on all future payments.**
>
> In the event further discussion is required, please contact me at the telephone number shown below.
>
> Very truly yours,
>
> D. Michael Edwards, CO
> Bankruptcy Department
> 404-842-3504
> 1-800-241-1840

(Boldface emphasis in original; underline emphasis added.) That letter clearly establishes that notices of the filing of Mrs. Betts' bankruptcy petition and subsequent discharge, mailed by the clerk to the address given on Schedule F of her petition (*i.e.*, "Wachovia, P.O. Box 15515, Wilmington, DE 19886"), <u>were</u> received by Wachovia.

---

[5] Record Document No. 6, at 7 ("Debtor's Ex # 4").

3

In response, Mrs. Betts' attorney wrote two letters. The first, dated July 12, 1995, was mailed to the same address listed on Schedule F of Mrs. Betts' bankruptcy petition: *i.e.*, "Wachovia, P.O. Box 15515, Wilmington, DE 19886."[6] In pertinent part, that letter read:

> RE: Doris Jeanette Betts
> Chapter 7 Bankruptcy, Case No. 95-41344
> Your Account No. 5467-1002-1822-1235
>
> Too [sic] whom it may concern:
>
> The above client filed Chapter 7 Bankruptcy on June 12, 1995. Wachovia is listed as a creditor. If you are alleging that their [sic] is a co-debtor, I request that you forward proof to me immediately. I request that you cease all collection efforts immediately or I will have to take legal action against you for violation of the Automatic Stay.

The attorney's second letter, dated August 30, 1995, was specifically directed to D. Michael Edwards at the return address printed on the July 6th letter to Sandra Betts: *i.e.*, "Bankruptcy Department, Wachovia Bank Card Services, P. O. Box 14009, Atlanta, GA 30324."[7] That letter said:

> RE: Doris Jeanette Betts
> Chapter 7 Bankruptcy, Case No. 95-41344
> Your Account No. 5467-1002-1822-1235
>
> Dear Mr. Edwards:
>
> You are claiming that Mrs. Betts' daughter, Sandra D. Betts, is a co-signer of the above debt. I have already requested that proof of this be provided, but as of this date have yet to receive any response. I request that you provide me proof immediately that this account has a co-signor. If you cannot provide proof, I request

---

[6] *Id.*, at 8 ("Debtor's Ex # 5").

[7] *Id.*, at 9 ("Debtor's Ex # 6").

4

>     that you cease all efforts to collect this debt, or I
>     will be forced to take legal action against you for
>     violation of the discharge order.
>
>     I await your response.

There was no response to either letter, other than continued telephone calls to Sandra Betts by LTD employees.[8]

Accordingly, on December 4, 1995, Mrs. Betts filed a complaint in the bankruptcy court alleging that Wachovia and LTD had violated the discharge order.[9] In part she alleged that:

>     6.   Defendants have attempted to collect this debt from
>     Plaintiff and Plaintiff's Daughter[,] Sandra Betts[,] who
>     was authorized to sign on the charge account, but was not
>     legally obligated for the debt.
>
>     7.   Defendants have been repeatedly requested by phone
>     and letters to cease all attempt[s] to collect this debt
>     from Plaintiff and her daughter, unless they can prove
>     that Plaintiff's Daughter is responsible for this debt.
>
>     8    Defendant Wachovia has refused to cease their
>     attempt to collect this debt from Plaintiff's daughter,
>     and have refused to provide any information to prove that
>     Plaintiff's daughter is responsible for this debt.
>     Defendant Wachovia has turned this account over to a
>     Defendant LTD Financial Service, a collection service,
>     who have threaten[ed] to garnish Sandra Betts wages
>     unless she pays this account in full immediately.
>     Defendant LTD Financial Service has refused to talk to
>     Plaintiff's counsel regarding this account, and have

---

[8] In a hearing conducted in the lower court on February 27, 1996, Mrs. Betts testified (at page 6) that appellants called her or her daughter "[a]t least twenty, thirty times." Sandra Betts confirmed (at page 13) that "Wachovia Bank Card Services" called her "[a]bout twenty or thirty times. It was two or three times a day for a few months."

[9] Record Document No. 1: Case No. AP 95-41087. On January 2, 1996, Mrs. Betts filed a motion to reopen her Chapter 7 bankruptcy case, for the purpose of filing the foregoing complaint alleging violation of the discharge order. The bankruptcy court entered an order on February 23, 1996, granting the motion to reopen *nunc pro tunc* to January 2, 1996.

5

refused to provide proof of Plaintiff's daughter[']s liability for this account.

On January 12, 1996, a "Summons and Notice,"[10] together with a copy of Mrs. Betts' complaint, was mailed by the bankruptcy clerk to: (1) the "General Manager,"[11] Wachovia Bank Card Services, P.O. Box 15515, Wilmington, DE 19886 (*i.e.*, the same address to which notice of the original Chapter 7 petition had been mailed and, as subsequent events demonstrate, received by Wachovia); and, (2) the "General Manager,"[12] LTD Financial Services, 7322 Southwest Freeway, Ste. 1200, Houston TX 77074.[13] Neither item was returned to the clerk. Even so, both appellants allege that neither received copies.[14]

Mrs. Betts filed a motion for default judgment on February 13, 1996.[15] The clerk entered default the following day, simultaneously mailing notice of a hearing on the application for default judgment to both appellants at the same addresses specified in the preceding

---

[10] Record Document No. 2.

[11] See the testimony of the clerk responsible for mailing pleadings and notices for the bankruptcy court (Gerald J. Wilson) during a hearing held April 23, 1996, at page 14.

[12] *Id.*

[13] Mrs. Betts' attorney represented during the February 27, 1996 hearing before the bankruptcy court (at page 19) that he "personally got [LTD's] mailing address in response to some of the phone calls." See also Record Documents No. 3 and No. 10, at 6.

[14] See affidavits attached to defendants' motion to set aside default judgment: Record Document No. 10, at 7-10.

[15] Record Document No. 4.

6

paragraph.[16] Neither mailing was returned, but both appellants again deny receipt.[17]

An evidentiary hearing on Mrs. Betts' application for default judgment was held on February 27, 1996. On March 1, 1996, the bankruptcy court entered judgment against Wachovia and LTD, awarding $4,500 in compensatory damages and an additional $10,000 in punitive damages.[18] That same day, copies of the default judgment, together with a "notice and opportunity for hearing" on plaintiff's application for attorney's fees, were mailed by the clerk to each appellant at the same addresses used for all prior mailings.[19] Again, neither item was returned.

Finally, on April 9, 1996, appellants filed in the bankruptcy court a joint motion to set aside the default judgment. Following a hearing held on April 23, 1996, that motion was denied. This appeal followed.

---

[16] Record Document No. 5.

[17] *Id.*

[18] Record Document No. 7: Judgment rendered February 29, 1996, but not entered until the following day.

[19] Record Document No. 8.

7

## II. DISCUSSION

### A. Standard of Review

A bankruptcy court's factual findings is subject to the clearly erroneous standard of review. Bankruptcy Rule 8013[20]; *In re Thomas*, 883 F.2d 991, 994 (11th Cir. 1989), *cert. denied*, 497 U.S. 1007, 110 S.Ct. 3245, 111 L.Ed.2d 756 (1990). Legal conclusions reached by the bankruptcy judge are "subject to complete review" by a reviewing court. *Thomas*, 883 F.2d at 994. In other words, legal conclusions determined by a bankruptcy judge are subject to *de novo* review. *In re Holywell Corp.*, 913 F.2d 873, 879 (11th Cir. 1990).

### B. Subject Matter Jurisdiction

The discharge order in this case specifically provided: "All creditors are prohibited from attempting to collect any debt that has been discharged in this case."[21] A discharge order under Title 11

> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a)(2). The bankruptcy court is empowered to take any action necessary or appropriate to enforce the discharge order.

---

[20] Bankruptcy Rule 8013 provides that "[o]n appeal, the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgement, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

[21] *See supra* at 2.

8

11 U.S.C. § 105(a).[22] "[T]he plain meaning of § 105(a) encompasses any type of order, whether injunctive, compensative or punitive, as long as it is 'necessary or appropriate to carry out the provisions of' the Bankruptcy Code." *Jove Engineering, Inc. v. Internal Revenue Service*, 92 F.3d 1539, 1554 (11th Cir. 1996).

Bankruptcy courts have ancillary jurisdiction to interpret and enforce their own orders wholly independent of the statutory grant of jurisdiction under 28 U.S.C. § 1334. *See Local Loan Co. v. Hunt*, 292 U.S. 234, 239, 54 S.Ct. 695, 696, 78 L.Ed. 1230 (1934); *Paris Mfg. Corp. v. Ace Hardware Corp.*, 132 B.R. 504, 508 (D. Me. 1991)("Bankruptcy Courts must have the ability to enforce prior orders and 'secure or preserve the fruits and advantages of a judgment or decree rendered therein' ... The proceeding being ancillary and dependent, the jurisdiction of the Court follows that of the original cause ...")(citations omitted); *In re White Motor Credit Corp.*, 75 B.R. 944, 947-48 (Bankr. N.D. Ohio 1987)(ancillary jurisdiction to interpret and enforce prior orders includes purchasers' action for declaratory and injunctive relief to enforce orders of sale and "may be exercised irrespective of an independent jurisdictional basis"). Thus, the bankruptcy court had ancillary jurisdiction over appellee's claim that appellants continued to attempt to collect the debt from her in violation of the bankruptcy court's discharge order.

---

[22] 11 U.S.C. § 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

C.  **In Personam Jurisdiction**

"Because a court asserts in personam jurisdiction to adjudicate the rights of a party through service of process, an in personam judgment is void where the requirements for effective service have not been satisfied." *In re Cappuccilli*, 193 B.R. 483, (N.D. Ill. 1996); *see also Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C. Cir. 1987); *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985); *Hospital Mortgage Group, Inc. v. Parque Indus Rio Canas, Inc.*, 653 F.2d 54, 56 (1st Cir. 1981). In the present case, service was not effective on either appellant because it did not comply with the requirements of Bankruptcy Rule 7004. Bankruptcy Rule 7004(b)(3) states that service by first class mail, postage prepaid may be made:

> [u]pon a domestic ... corporation ... by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

The summons and complaint in this action were sent through the United States mail, addressed to the "General Manager" of each appellant.

The debtors in *In re Schoon*, 153 B.R. 48 (N.D. Cal. 1993), attempted service of process in a similar fashion. There, the summons and complaint was addressed to the corporate creditor with the caption "Attn: President" on the envelope. The court held:

10

> Nationwide service of process by first class mail [under Bankruptcy Rule 7004] is a rare privilege which can drastically reduce the costs and delay of litigation. As a privilege, it is not to be abused or taken lightly. Where the alternative to service by mail is hiring a process server to serve the papers in person, it seems like a small burden to require literal compliance with the rule. By addressing the envelope "Attn: President" the debtors did not serve an officer, they served an office. ...
>
> Allowing service in the manner argued here by the debtors makes a joke of the requirement that an officer be served; it takes no more work, just an additional line on the envelope. However, the rule requires an officer be served in order to insure that the corporation is put on notice that it is liable to lose valuable rights. Where the procedure outlined in a rule is less formal than the procedure it replaces, it should be strictly construed. The court finds that the method of service employed by the debtors does not meet the requirements of Rule 7004(b)(3), and fails to meet minimum due process requirements.

*In re Schoon*, 153 B.R. at 49. The service in this case was improper under Rule 7004(b)(3), because it failed to direct the summons and complaint to <u>named individuals</u> within the appellant corporations. *See In Re Pittman Mechanical Contractors, Inc.*, 180 B.R. 453, 457 (E.D. Va. 1995)("Trustee failed to direct the summons and complaint to a named individual within a corporation as required under 7004(b)(3). Accordingly, [corporate defendant's] right to due process was improperly denied.").

Wachovia also submitted to the bankruptcy court the affidavit of Michael Wagner, a Vice President and Center Manager for Wachovia, stating that it is a federally insured depository institution and, therefore, required to be served by certified mail pursuant to Bankruptcy Rule 7004(h). The bankruptcy court excluded the affidavit as hearsay. Appellee argued to the bankruptcy court

11

that she was prejudiced in that, she was not allowed to challenge the credibility of the affiant through cross-examination. That reason is insufficient to warrant exclusion of the affidavit. Rule 43(e)[23] of the Federal Rules of Civil Procedure provides that

> [w]hen a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matters be heard wholly or partly on oral testimony or deposition.

"Rule 43(e) permits a motion to be decided on affidavits and without cross-examination." *Huddleston v. Nelson Bunker Hunt Trust Estate*, 102 B.R. 71, 74 (N.D. Tx. 1989). In this case, the bankruptcy court did not direct that the evidence be heard solely by oral testimony or deposition. In accordance with Rule 43(e), Wachovia correctly presented the affidavit of Michael Wagner. An affidavit submitted under Rule 43(e) is excluded from hearsay under the Federal Rules of Evidence. *See Cearoff Construction Co., Inc. v. Sabre Construction Co.*, 1989 WL 516375, * 2 (D.D.C. Aug. 14, 1989)("The Notes of Advisory Committee on Proposed Rules following the text of Rule 802 list examples of admissible hearsay from the Federal Rules of Civil Procedure that fall within the exception. Included within the list [is] 'Rule 43(e): affidavits based on facts not appearing of record'"). Therefore, the bankruptcy court erred in excluding the affidavit of Michael Wagner.

---

[23] Rule 43(e) of the Federal Rules of Civil Procedure applies to bankruptcy cases, by virtue of Bankruptcy Rule 9017, which provides "[t]he Federal Rules of Evidence and Rules 43, 44 and 44.1 Fed.R.Civ.P. apply in cases under the Code."

12

Rule 7004(h) provides, "[s]ervice on an insured depository institution (as defined in Section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution...." Based on the evidence submitted in Michael Wagner's affidavit, for service on Wachovia to be effective, it must be made in accordance with Rule 7004(h).

In summary, service of the summons and complaint in the underlying action was defective as to both appellants and, therefore, the default judgment is void. Federal Rule of Civil Procedure 60(b)(4)[24] allows a judgment to be vacated when the underlying judgment is void. In the motion to set aside the default judgment (i.e., their Rule 60(b) motion), appellants argued to the bankruptcy court that the default judgment was void due to the improper service of process. When the bankruptcy court denied that motion and allowed a void judgment to stand, it committed reversible error. See *In re Cossio*, 163 B.R. 150, 154 (9th Cir. BAP 1994), aff'd, 56 F.3d 70 (9th Cir. 1995)("A trial court will necessarily abuse its discretion by failing to set aside a void judgment").

### III.  CONCLUSION

For the foregoing reasons the court finds that the bankruptcy court's February 29, 1996 order is due to be reversed, and this

---

[24] Bankruptcy Rule 9024 makes Rule 60 of the Federal Rules of Civil Procedure applicable to all adversary proceedings that arise under the Bankruptcy Code.

13

action remanded for further proceedings. An order consistent with this memorandum will be entered contemporaneously herewith.

DONE this the __5th__ day of May, 1997.

_____
United States District Judge

14